IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| AIRPORT OFFICE COMPLEX, INC., | : | **BANKRUPTCY NO.: 5-11-bk-05550-JJT** |
| DEBTOR | : | |
| | : | |
| AIRPORT OFFICE COMPLEX, INC., | : | {**Nature of Proceeding**: Debtor's Objection |
| OBJECTOR | : | to Claims Nos. 2 and 3 of Luzerne County |
| | : | Tax Claim Bureau (Doc. #55)} |
| | : | |
| vs. | : | |
| | : | |
| LUZERNE COUNTY TAX CLAIM | : | |
| BUREAU, | : | |
| CLAIMANT | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| BARBARA A. RAY, | : | BANKRUPTCY NO.: 5-08-bk-50874-JJT |
| DEBTOR | : | |
| | : | |
| BARBARA A. RAY, | : | {**Nature of Proceeding**: Defendant's |
| PLAINTIFF | : | Motion for Summary Judgment (Doc. #11)} |
| | : | |
| vs. | : | |
| | : | |
| MONROE COUNTY TAX CLAIM | : | |
| BUREAU, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-11-ap-00244-JJT** |

# <u>OPINION</u>

Section 505 empowers the bankruptcy court to "determine the amount or legality of any tax . . . ." Since both of the captioned matters are asking me to make that determination, albeit under different circumstances, I've chosen to write one opinion dispositive of the pending controversies.

The litigation involving Debtor, Airport Office Complex, Inc., (Airport), is in front of me by virtue of Debtor's Objections to two Proofs of Claim filed by the Luzerne County Tax Claim

Bureau (LCTCB) for taxes accruing in years 2003 through 2011, prior to the Debtor's Chapter 11 filing. LCTCB has also filed a Motion for Relief from Stay to pursue a tax sale on the Debtor's real estate. These two matters between the parties were consolidated and heard the same day. At the conclusion of the hearing, I granted relief from the automatic stay to LCTCB and took the matter of claims litigation under advisement.

Airport is the owner of a parcel of land, improved with an office building, straddling Pittston Township and Avoca Borough. LCTCB was created under state law and empowered to collect taxes owing the County and overdue taxes owing to the various municipalities, school districts, and institutional districts. 72 P.S. § 5860.201 et seq. Since they are charged with liquidation of the obligation only, it had no role in the actual assessment and, thus, no direct knowledge of its computation. It is, however, charged with filing proofs of claim in appropriate cases such as this one.

At the time of the hearing on the Proofs of Claim, it was fairly apparent that Airport's main argument was that its assessment was much larger than it should be. The testimony and exhibits were replete with evidence indicating that multiple litigations occurred over the years due to the tax assessment as well as a county-wide reassessment. The record suggested that there were at least two outstanding appeals from assessments pending in the Luzerne County Court of Common Pleas. While there was little dispute on this fact, the operative issue is what can be done about it at this procedural juncture?

The second captioned case presents itself in a somewhat different but related posture. Barbara Ray, the Debtor, has filed suit in bankruptcy court against the Monroe County Tax Claim Bureau (MCTCB) alleging that real estate that the Debtor owns has been over-assessed and asking the bankruptcy court to reduce the assessment. MCTCB has responded with an Answer and a Motion for Summary Judgment arguing that it, MCTCB, does not have the power

to alter the assessment. MCTCB is only authorized by statute to collect tax, not to assess property. Assessment is a responsibility of the Monroe County Assessment Office (MCAO). In effect, the Complaint filed by Ray was the equivalent of an objection to MCTCB's Proofs of Claim. The prayer of that Complaint goes further and asks the Court for "an opportunity for the Debtor to challenge the amounts that have been assessed against the Realty and to determine the real estate taxes owed on the Realty so that the Debtor can make provision to deal with those claims in her [chapter 13] case under the Bankruptcy Code."

While it has not often been utilized in this District, the bankruptcy court has been given limited jurisdiction to determine the amount or legality of any tax, with certain limitations. 11 U.S.C. § 505. This includes the ability of the bankruptcy court to reduce property tax assessments for prior years. *In re Custom Distribution Services Inc*., 224 F.3d 235, 240 (3rd Cir. 2000). Nevertheless, this jurisdiction has been strictly limited by the BAPCPA amendments which require that the challenge be made "timely." 11 U.S.C. § 505(a)(2). The majority of bankruptcy decisions have concluded that Bankruptcy Code § 108(a) can provide no relief in extending that time limit for bankruptcy cases. *In re Read*, 692 F.3d 1185 (11th Cir. 2012); *In re Breakwater Shores Partners, L.P.*, No. 10-61254, 2012 WL 1155773, at *3, 2012 Bankr.LEXIS 1454, at *11 (Bankr. E.D.Tex. Apr. 5, 2012); *In re Village at Oakwell Farms, Ltd.*, 428 B.R. 372, 376–80 (Bankr. W.D.Tex. 2010); *In re ATA Airlines, Inc.*, No. 08-03675-BHL-11, 2010 WL 3955574, at *2, 2010 Bankr.LEXIS 3571, at *6–7 (Bankr. S.D.Ind. Oct. 4, 2010).

MCTCB has recognized the power of this Court to alter the assessment but maintains that it is not the proper party defendant in the action. Pennsylvania law supports the proposition that the Tax Claim Bureau can set aside a tax found to be invalid for any reason "not involving a question which could have been raised by an appeal provided by law." 72 P.S. § 5860.314(a). Simply put, "the Bureau [does] not have jurisdiction to address [appellant's] exceptions and

challenges to the extent that they are assessment issues." *In re Rausch Creek Land, L.P.,* No. 2299 C.D.2011, 2012 WL 5439195, at *4 (Pa.Cmwlth. Nov. 8, 2012). *In accord*, *In re Upset Sale, Tax Claims Bureau of Montgomery County,* 204 Pa.Super. 409, 205 A.2d 104 (Pa.Super. 1964). ("A collateral attack on the assessment by means of a proceeding before the Tax Claim Bureau, when the taxpayer has failed to avail himself of the appeal procedure laid down by the statutes with respect to assessments, is, therefore, precluded by § 314 [of the Real Estate Tax Sale Law].")

The 2005 changes to the bankruptcy law seem to support MCTCB's argument inasmuch as § 505(b)(1) designates upon whom these tax challenges must be served. Unless otherwise identified by the bankruptcy clerk, service should be made "at the address for the filing of a tax return or protest with the appropriate taxing authority of such governmental unit." I would gather that should at least include the county assessment office, whose assessment is being challenged, and/or the county assessment appeals board. 53 P.S. §§ 8842(a), § 8844(b). Affected taxing districts having an interest in the assessment would also appear to require service.

Suffice it to say that, in the case of Airport Office Complex, Inc., the LCTCB has simply acknowledged that its role is to collect taxes that have been assessed. Its determination is based on the tax rates and the existing assessments. Alteration in assessments are the responsibility of others. I again reference state law which supports the proposition that a pending assessment appeal does not affect the collectability of the tax. 54 P.S. § 8854(c). It is for these reasons that I will overrule Airport's objection to the Proofs of Claim filed by LCTCB, without prejudice to filing a new objection should the property in question be reassessed by either the County or this Court.

A similar disposition is appropriate in the Ray case. The Complaint against the MCTCB

was effectively an objection to their Proofs of Claim.  Summary judgment should be granted in favor of MCTCB, again, without prejudice to rechallenge the Proofs of Claim should the assessments be altered by a properly served request.

My Orders will follow.

By the Court,

Date: November 28, 2012

John J. Thomas, Bankruptcy Judge

(CMS)